**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: LIFE TIME FITNESS, INC., TELEPHONE
CONSUMER PROTECTION ACT (TCPA) LITIGATION                    MDL No. 2564

**TRANSFER ORDER**

**Before the Panel:**[*]  Pursuant to 28 U.S.C. § 1407, defendants Life Time Fitness, Inc., and LTF Club Operations Company, Inc. (collectively, Life Time) move for centralization of this litigation in the District of Minnesota.  This litigation currently consists of three actions pending in the Northern District of Illinois, the District of Minnesota, and the Eastern District of Missouri, as listed on Schedule A.[1]  Plaintiffs in all of the actions support the motion.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization of this litigation in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  These actions share factual questions relating to allegations that Life Time sent unsolicited commercial text messages to plaintiffs' (and the putative class members') wireless telephones using an automatic telephone dialing system, without the plaintiffs' (or the putative class members') consent.  Although there are relatively few parties and actions at present, all parties argue, and we agree, that efficiencies can be gained from having these actions proceed in a single district.  All of the actions are brought on behalf of putative nationwide classes of individuals allegedly contacted by Life Time in violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 et seq.  Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

All the parties support the selection of the District of Minnesota as the most appropriate transferee district for pretrial proceedings in this litigation.  We concur.  Life Time is located in the District of Minnesota, and therefore relevant documents and witnesses also are likely to be located there.  The district is both convenient and accessible for the majority of the parties.  We are convinced that the District of Minnesota has the necessary judicial resources and expertise to efficiently manage

_____

[*] Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1] The parties have notified the Panel of one additional related action pending in the District of Minnesota.  This and any other related actions are potential tag-along actions.  *See* Panel Rule 7.1.

-2-

this litigation, and centralization in this district provides us the opportunity to assign the litigation to the Honorable Joan N. Ericksen, an experienced jurist who we are confident will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Minnesota are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Joan N. Ericksen for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____

John G. Heyburn II
Chairman

Marjorie O. Rendell   Charles R. Breyer
Lewis A. Kaplan    Sarah S. Vance
R. David Proctor

**IN RE: LIFE TIME FITNESS, INC., TELEPHONE
CONSUMER PROTECTION ACT (TCPA) LITIGATION**                    MDL No. 2564

## SCHEDULE A

<u>Northern District of Illinois</u>

SALAM v. LIFE TIME FITNESS, INC., C.A. No. 1:14−02913

<u>District of Minnesota</u>

PETERSEN, ET AL. v. LIFE TIME FITNESS, INC., C.A. No. 0:14−01242

<u>Eastern District of Missouri</u>

GOULD v. LTF CLUB OPERATIONS COMPANY, INC., C.A. No. 4:14−01093